IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL MONTENEGRO | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1819-K |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Victor Manuel Montenegro, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner pled *nolo contendere* to aggravated sexual assault of a child and was sentenced to 12 years confinement. His conviction and sentence were affirmed on direct appeal. *Montenegro v. State*, No. 05-03-00926-CR, 2004 WL 575715 (Tex. App. --Dallas, Mar. 24, 2004, pet. ref'd). Petitioner did not file an application for state post-conviction relief. In his federal writ, petitioner contends that: (1) he received ineffective assistance of counsel at trial and on appeal; (2) his guilty plea was involuntary; (3) he was not properly admonished by the trial court; (4) there was insufficient evidence to support his conviction; (5) there was a fatal variance between the indictment and the evidence adduced at trial; and (6) he is actually innocent.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

On direct appeal, petitioner challenged his conviction on the grounds that: (1) his guilty plea was entered by his attorney and not by himself; and (2) the trial court failed to properly admonish him prior to his plea. Petitioner did not argue any of the other grounds raised in his federal writ. *See Montenegro*, 2004 WL 575715 at *1. Because the highest available state court has not yet considered these other claims, petitioner's federal writ must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996).

    DATED:   September 15, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE